UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GEICO INSURANCE COMPANY, *et al.*,
*Plaintiffs*,

11 Civ. 3247

-v.-

NELLYA RAZZAKOVA., *et al.*,

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE DEFAULTS**

*Defendants*.

---

PRELIMINARY STATEMENT

Defendants Nellya Razzakova and NR Acupuncture P.C. (hereinafter the "Defendants") respectfully submit this memorandum of law in support of their motion for an Order pursuant to Fed. R. Civ. P. 55(c) and/or 60(b) to vacate the Entry of Default, and permit the Defendants to answer and/or file a motion to dismiss the complaint on the ground that Defendants are entitled to arbitrate the claims and issues in this action, by November 25, 2011 and/or to dismiss on other grounds and for any other relief this court deems just and proper. See Aff. of Nellya Razzakova (the "Razzakova Affidavit" as Exhibit "A").

**STATEMENT OF FACTS**

The summons and complaint were served upon Ms. Razzakova and her corporation NR Acupuncture P.C. on July 8, 2011, with answers due July 29, 2011. The Defendants did not serve an answer. On August 25, 2011, the Clerk of the Court entered default against the Defendants. Defendant Razzakova was under impression that she retained an attorney to represent her and her corporations in this matter on or about July 27, 2011.

However, the undersigned was under impression that Defendant Razzakova decided not to retain him. After the misunderstanding was cleared in September 2011, the notice of appearance was entered on behalf of the Defendants on September 30, 2011.

The defaults were unintentional and excusable. Indeed the Defendants made efforts to retain counsel. *See* Razzakova Affidavit. Due to the misunderstanding between Defendant Razzakova and the undersigned, Defendants were unable to properly defend themselves. The Defendants' default in serving an answer should be vacated under Fed. R. Civ. P. 55(c) and/or 60(b) upon the grounds that their default is excusable and they have meritorious defenses.

## STANDARD FOR VACATING ENTRY OF DEFAULT

It is well settled that defaults are not favored, particularly when a case presents issues of fact; any doubts are to be resolved in favor of a trial on the merits. *See Klapprott v. United States,* 335 U.S. 601 (1949). Although "courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir. 1981). A court may set aside an entry of default for good cause shown. Fed. R. Civ. P. 55(c). The Second Circuit "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995). Indeed, "courts liberally grant motions to vacate default judgments so that trial on the merits may be had and justice may be done." *Brown v. DeFilippis*, 695 F.Supp. 1528, 1530 (S.D.N.Y. 1988). The policy in favor of resolving cases on the merits is so strong that where there is doubt concerning whether

default should be vacated, such doubt is resolved in favor of the party seeking relief. *Id.* at 1530; *Canfield v. VSH Rest. Corp.*, 162 F.R.D. 431, 434 (N.D.N.Y. 1995) ("Defaults are reserved for rare occasions and, when doubt exists as to whether default should be granted or vacated, doubt should be resolved in favor of defaulting party; in other words, 'good cause' requirement . . . and criteria of rule dealing with setting aside of default judgments should be construed generously.") Moreover, the standard for vacatur pursuant to Fed. R. Civ. P. 55(c) is less rigorous than the standard for setting aside default judgments pursuant to Rule 60(b). *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996).

When considering whether good cause exists to set aside a default, courts consider whether a party has meritorious defenses, the willfulness of the default, and the level of prejudice that the non-defaulting party may suffer if relief is granted. *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001).

## ARGUMENT

### 1. Defendants' default was not willful

Defendant is an immigrant from former Soviet Union, unfamiliar with Western justice system and requirements, whose default was no willful. The Second Circuit has interpreted "willfulness" to refer to conduct that is more than merely "negligent or careless" or even grossly negligent. *See, e.g., SEC. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *Arthur F. Williams, Inc. v. Helbig*, 208 F.R.D. 41, 44 (E.D.N.Y. 2002) ("Willfulness in the context of a default [is] conduct that is more than merely negligent or careless. . . The conduct of . . . the litigant must be egregious and ... not satisfactorily explained . . . [and] the defendant defaulted deliberately [citations omitted]").

Here, the Razzakova Affidavit establishes that the Defendants' failure to serve an answer was not willful and deliberate but was a direct result of unfortunate circumstances as more fully described in Razzakova affidavit. The Defendants did not want to default. Indeed, the Defendants sought representation to protect their interests in the litigation and to vacate the default.[1] *See Dixon v. Ragland*, 2005 U.S. Dist. LEXIS 23800 at *4-*5 (S.D.N.Y. 2005) ("[W]here there is no evidence that a client has diligently sought out counsel, the courts are more likely to conclude that a party's inaction is willful." (citing *United States v. Cirami*, 535 F.2d 736, 741 (2d Cir. 1976)). Indeed, Ms. Razzakova was under mistaken impression that she retained an attorney and is being represented as of July 26, 2011.

Accordingly, the Defendants' default was not willful.

## 2. Defendants have a meritorious defense.

Defendants have a meritorious defense in that they believe they are entitled to have their case removed to arbitration, along with many other reasons why this case should be dismissed as to these Defendants. Furthermore, the Defendants deny the allegations in the complaint. Moreover, the complaint does note state a cause of action against either Defendant.

## 3. Plaintiffs Will Not Be Prejudiced If Default Is Vacated.

This case is still in the very early stages of litigation. The first answer to the complaint, by a co-defendant, was filed mere days ago. Therefore, a vacatur will not cause a delay in litigation. Furthermore, "delay alone is not a sufficient basis for

---

[1] See Razzakova Affidavit.

establishing prejudice. Rather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1986) (citiations omitted); *see also Helbig*, 208 F.R.D. at 45.

Since the delay in this case will not result in loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion, plaintiff will not be prejudiced if the Defendants' default is vacated and they are allowed to defend this case on the merits. *See Musler* 713 F.2d at 916. Moreover, Plaintiff cannot claim prejudice or surprise here, as Defendants made every attempt to promptly resolve this issue through counsel.

On the other hand, the Defendants will be severely prejudiced if their default is not vacated. If left standing, their default will lead to a harsh result – liability for a multimillion dollar judgment. *See, Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320 (2d Cir. 1986); *Horn v. Intelectron Corp.*, 294 F.Supp. 1153, 1154-55 (S.D.N.Y. 1968) (motion for relief under both Rule 55(c) and Rule 60(b); default disfavored in matters involving large sum of money). *See also Meehan v. Snow* 652 F.2d at 277; *Lunderville v. Allen*, 366 F.2d 445 (2d Cir. 1966) (default vacated and defendant afforded an opportunity to defend plaintiff's complaint upon the merits in order to prevent a possible "miscarriage of justice").

## CONCLUSION

In view of the potential for multi-million dollar liability, the issues of substantial public importance raised by the Defendants' defenses in that Defendants may be entitled to arbitrate the dispute rather than litigate it in Federal Court and the Defendants'

meritorious defenses, reasonable excuse for their default and the lack of prejudice to plaintiff in that there is no substantial delay, the Defendants respectfully submit that the entries of default against them should be vacated.

Dated: October 26, 2011

    Brooklyn NY

                                                      _____/s/_____

                                                      Gary Tsirelman

Cc: All Parties via ECF