UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GEICO INSURANCE COMPANY, *et al.*,
*Plaintiffs*,

11 Civ. 3247

-v.-

NELLYA RAZZAKOVA., *et al.*,

**ATTORNEY AFFIRMATION IN SUPPORT OF MOTION TO SET ASIDE DEFAULT**

*Defendants*.

---

GARY TSIRELMAN, an attorney duly admitted to practice within the State of New York and the United States District Court for the Eastern District, hereby affirms the following upon information and belief under the penalties of perjury:

1. I am a member of Gary Tsirelman P.C., attorneys for the Defendants Nellya Razzakova and NR Acupuncture PC ("Defaulted Defendants") and am fully familiar with the facts and circumstances of this matter, based on the file maintained in our office and numerous conversations and conferences with the Defendants.

2. This affirmation is submitted in support of defendants' motion to vacate the default judgment pursuant to FRCP 55(c) and/or 60(b), along with the accompanying Memorandum of Law.

3. The Defaulted Defendants were served on July 8, 2011 with answers due July 29, 2011. Defaulted Defendants failed to answer, and on August 25, 2011 the Clerk entered Certificates of Default against the Defaulted Defendants.

4. As expressed in the accompanying Affidavit of Nellya Razzakova, the default was precipitated by many circumstances including not understanding the legal system and misunderstandings between the undersigned and Ms. Razzakova. Thus, even though Ms. Razzakova intended to retain the undersigned, she did not communicate it clearly and therefore the undersigned was under impression that Ms. Razzakova decided not to retain him.

5. Because of the above, the notice of appearance for the defaulted Defendants was filed on September 30, 2011.

6. As set forth more fully in the accompanying affidavits of Nellya Razzakova, the moving defendants' defenses have merit to the within action.

7. Based upon the foregoing, and the lack of prejudice to plaintiff herein, it is respectfully requested that the default entered as against the Defaulted Defendants be vacated in its entirety, and that the Defaulted Defendants' time to answer or move to dismiss the complaint be extended until November 25th, 2011.

WHEREFORE, it is respectfully requested that this Court issue an order pursuant to FRCP 55(c) and/or 60(b)(6) vacating the default judgment and for such other and further relief as the court deems just and proper.

Dated: Kings, New York

October 26, 2011

/s/
Gary Tsirelman, Esq.