UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY and GEICO
CASUALTY CO.,

Plaintiffs,

-against-

NELLYA RAZZAKOVA, L.Ac., et al.,

Defendants.
-----------------------------------------------------------------X

Docket No.:
CV 11-3247 (FB)(SMG)

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE DEFENDANTS' DEFAULTS

RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, NY 11556-0926
Tel.: (516) 357-3000
Fax: (516) 357-3333

*Counsel for Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co.*

Of Counsel:

Michael A. Sirignano (MS 5263)
Barry I. Levy (BL 2190)
Ryan Goldberg (RG 7570)

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT .......................................................................................... 1

FACTS AND RELEVANT PROCEDURAL HISTORY .................................................... 2

ARGUMENT ........................................................................................................................ 3

    1.    The Standard to Vacate Default ............................................................................ 3

    2.    Defendants Fail to Present a Meritorious Defense ............................................... 4

    3.    Defendants' Defaults Were Willful ...................................................................... 8

    4.    GEICO Is Prejudiced By Vacatur of the Defaults .............................................. 12

CONCLUSION ................................................................................................................... 13

## TABLE OF AUTHORITIES

Page(s)

**CASES**

Badian v. Elliott,
   165 Fed. App'x 886 (2d Cir.2006) ...................................................................................7

Enron Oil Corp. v. Diakuhara,
   10 F.3d 90 (2d Cir. 1993)..................................................................................................4

Gesualdi v. Tapia Trucking, Inc.,
   2009 U.S. Dist LEXIS 82958 (E.D.N.Y. 2009)..............................................................4, 8

Gesualdi v. Tapia Trucking, Inc.
   2009 US Dist Lexis 82958 (E.D.N.Y. 2009) ....................................................................4

Hernandez v. La Cazuela de Mari Restaurant, Inc.,
   538 F.Supp. 2d 528 (E.D.N.Y. 2007) ...............................................................................8

Gucci Am. v. Gold Ctr. Jewelry,158 F.3d 631 (2d Cir.
   1998)..................................................................................................................................8

United States ex rel. United States SBA v. Manhattan Cent. Capital Corp., 2001 U.S. Dist.
   LEXIS 11562 (S.D.N.Y. July 26, 2001)...........................................................................8

King v. Galluzzo Equipment & Excavating Inc.,
   223 F.R.D.94 (E.D.N.Y. 2004) .......................................................................................10

Original Appalachian Artworks v. Yuil International,
   105 F.R.D. 113 (S.D.N.Y.1985) .....................................................................................10

Richardson v. Nassau County,
   184 F.R.D. 497 (E.D.N.Y. 1999) .....................................................................................4

Santiago Gonzales v. United States,
   198 F.Supp.2d 550 (S.D.N.Y.2002).................................................................................10

SEC v. Breed,
   2004 US Dist Lexis 16106 (S.D.N.Y. 2004) ....................................................................4

SEC v. Breed,
   2004 WL 1824358 (S.D.N.Y. 2004).................................................................................7

SEC v. McNulty,
   137 F.3d 732 (2d. Cir. 1998)................................................................................4, 11, 12

State Farm Mut. Auto. Ins. Co., v. Barry Cohan, D.D.S. et al.,
    409 Fed. Appx. 453 (2d Cir. 2011) ..................................................................... 4, 7

Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf,
    2006 U.S. Dist. Lexis 72711 (S.D.N.Y. 2006) ........................................................ 4

Travelers Indem. Co. v. Kabir,
    368 Fed. App'x 209 (2d Cir.2010) ........................................................................... 7

United States v. Medley,
    13 Fed. App'x 58 (2d Cir.2001) ............................................................................... 7

United States v. Riser,
    No. 10–CV–4550, 2011 WL 1004566 (E.D.N.Y. March 16, 2011) ........................ 7

Washington v. James,
    996 F.2d 1442 (2d Cir.1993) .................................................................................. 10

Willis v. Landamerica Onestop, Inc.,
    2009 WL 2474624 (S.D.N.Y. 2009) ...................................................................... 12

**FEDERAL RULES**

Rule 55(c) of the Federal Rules of Civil Procedure .................................................................. 3

Rule 60(b) of the Federal Rules of Civil Procedure .................................................................. 3

## PRELIMINARY STATEMENT

Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "Plaintiffs" or "GEICO") respectfully submit this memorandum of law in opposition to the motion by defendants Ilona Abitbol, L.Ac. ("Abitbol"), Ada Kulagina, L.Ac. ("Kulagina"), Urban Well Acupuncture, P.C. ("Urban Well"), SML Acupuncture, P.C. ("SML"), and Easy Care Acupuncture, P.C. ("Easy Care") (collectively, "Defendants"), to vacate Defendants' defaults.

Defendants' motion is devoid of all merit. Defendants admit service of GEICO's complaint on July 8, 2011, July 15, 2011 and July 18, 2011 and admit counsel was not retained until after their time to answer had expired.

In an attempt to excuse their defaults, the individual Defendants' submit vague affidavits based on the fact that their counsel, due to personal issues, could not timely file notices of appearances. But a careful reading of Defendants' affidavits indicates that the individual defendants apparently did not bother to make any genuine effort to retain counsel until after their time to answer the Complaint had expired. Defendants' counsel's subsequent personal issues aside, there is nothing to justify the Defendants' initial delay and disregard for this legal proceeding they knew had been initiated against them, particularly since they have extensive prior experience with litigation proceedings in New York.

More importantly, Defendants fail to proffer anything close to a meritorious defense to GEICO's claims in this case. Defendants' motion papers contain nothing but the most perfunctory denial and fail to rebut in any meaningful way the detailed factual allegations in GEICO's complaint. Pursuant to well-settled case law, Defendants' conclusory -- "I have defenses" -- assertion is insufficient to establish a meritorious defense for purposes of vacatur of a default.

In short, Defendants have willfully defaulted and proffered no evidence beyond conclusory denials that they have a meritorious defense to this action. Under these circumstances, Defendants' motion to vacate their defaults should be denied.

## FACTS AND RELEVANT PROCEDURAL HISTORY

The facts relating to the claims in this action are more fully set forth in the Complaint. (See Exhibit "A"[1].) The facts relating to Defendants' defaults and GEICO's efforts to move the case forward are more fully set forth in the accompanying November 7, 2011 Declaration of Michael A. Sirignano, Esq. ("Sirignano Decl."). GEICO respectfully refers the Court to those materials. Briefly, however, this action involves claims for fraud, unjust enrichment, declaratory relief, and for violations of the civil RICO statute, based upon the following facts:

(i) the professional corporations, serve as vehicles through which fraudulent no-fault claims for reimbursement are submitted to GEICO for acupuncture services allegedly provided to individuals involved in New York automobile accidents ("Insureds");

(ii) though the professional corporations are nominally owned on paper by an acupuncturist, they actually are secretly and unlawfully owned and controlled by the laypeople;

(iii) the laypeople conceal their secret and unlawful ownership and control over the professional corporations by causing the professional corporations to enter into phony "billing" arrangements with themselves and the entity that they control;

(iv) the laypeople use the professional corporations to fraudulently bill GEICO by exaggerating and inflating the charges, and billing for acupuncture services which are performed pursuant to a fraudulently pre-determined protocol without regard to the actual medical necessity of the treatments; and

(v) after causing the professional corporations to submit the fraudulent billing to GEICO, the laypeople use the phony "billing" arrangements they establish with the professional corporations to unlawfully siphon all of the professional corporations' profits to themselves.

---

[1] Unless otherwise noted, all exhibits referenced herein are annexed to the Declaration of Michael A. Sirignano, Esq. submitted herewith.

2

See Complaint, Exhibit "A."

A true and correct copy of the Summons and Complaint was personally served on Kulagina on July 8, 2011. Proof of service was filed with the Court via ECF on July 21, 2011. Similarly, true and correct copies of the Summons and Complaint were served on SML and Easy Care by personally serving Kulagina on July 8, 2011. Proof of service was filed with the Court via ECF on July 21, 2011.

A true and correct copy of the Summons and Complaint was personally served on Abitbol's sister, at Abitbol's residence on July 15, 2011. Proof of service was filed with the Court via ECF on July 28, 2011. Similarly, true and correct copies of the Summons and Complaint were served on Urban Well via the New York Secretary of State on July 18, 2011. Proof of service was filed with the Court via ECF on July 28, 2011.

None of the Defendants timely appeared in this action.

GEICO formally filed for default judgments on August 24, 2011 (Docket Nos. 54, 55, 57, 60, and 61) and the Clerk entered the Defaults on August 25, 2011 (Docket Nos. 63, 64, 66, 69, 70). Defendants' counsel filed notices of appearance on behalf of the Defendants on August 26, 2011 (Docket Nos. 80, 81). Defendants waited more than 30 days thereafter to file the within motion to vacate the defaults, on October 5, 2011 (Docket No. 96).

## ARGUMENT

1. The Standards to Vacate Default

Rule 55(c) of the Federal Rules of Civil Procedure authorizes a court to "set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." In this case, no final default judgment has been rendered, therefore, the proper standard to analyze is the standard set forth in Rule 55(c).

3

In considering a motion to vacate, "courts have gone beyond the bare wording of the rule and established certain criteria which should be considered in deciding whether the designated standards have been satisfied." Richardson v. Nassau County, 184 F.R.D. 497, 501 (E.D.N.Y. 1999). In the context of a motion to set aside a default or default judgment, the Second Circuit has stated that while the rule does not define "good cause," the courts must principally assess (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party for whom default was awarded. State Farm Mut. Auto. Ins. Co., v. Barry Cohan, D.D.S. et al., 409 Fed. Appx. 453, 455 (2d Cir. 2011); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993); SEC v. McNulty, 137 F.3d 732, 738 (2d. Cir. 1998); Richardson, supra; Gesualdi v. Tapia Trucking, Inc., 2009 U.S. Dist LEXIS 82958 (E.D.N.Y. 2009).

2. Defendants Fail To Present a Meritorious Defense

While a defendant need not prove his defense to vacate an entry of default, he must present some *evidence* beyond conclusory denials. Enron Oil Corp. v. Diakuhara, 10 F. 3d 90, 98 (2d Cir. 1993); SEC v. Breed, 2004 US Dist Lexis 16106, *37 (S.D.N.Y. 2004); Gesualdi v. Tapia Trucking, Inc., supra, 2009 US Dist Lexis 82958 (E.D.N.Y. 2009). A defendant may not simply allege there is a defense, but rather must go further and allege specific facts that if proven at trial, would constitute a complete defense to the claims asserted in the Complaint. See S.E.C. v. McNulty, 137 F.3d 732, 740 (2d Cir. 1998); Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf, 2006 U.S. Dist. Lexis 72711, at *3-4 (S.D.N.Y. 2006).

Defendants' moving papers (and accompanying affidavits) do not even come close to establishing a meritorious defense as they contain the barest of conclusory denials, no evidence to support any defense; no explanation of any defenses they "believe" exist; and in fact, state that Defendants merely "believe" they have a meritorious defense. See Defendants moving papers,

4

Docket No. 96-1 at p.5. To show a meritorious defense exists, the Defendants must go further than alleging that a defense might exist. Critically, each individual Defendant's <u>entire</u> statement as to purported meritorious defenses consists of a single paragraph:

> In response to plaintiff's action, I have several viable meritorious defenses, any of which could render plaintiffs' action completely baseless. These defenses include lack of subject matter jurisdiction, mandatory arbitration clause, and I deny all allegations and causes of action against me.

<u>See</u> Abitbol Affidavit.[2]

GEICO's Complaint in this matter describes a massive fraudulent acupuncture scheme – in considerable detail throughout 170 pages – and describes each of the defendants' roles in the fraudulent scheme, masterminded by lay-persons that defrauded GEICO into paying over $8,500,000.00 and further seeks to collect another $10,000,000.00 in bills which have been submitted to GEICO. Exhibit "A" at ¶¶ 1-6, 52-91. The Complaint alleges, among other things, that Andrey Anikeyev and Karo Osipov, through their purported billing company, illegally own and control numerous acupuncture professional corporations, including the Defendants at issue here – Urban Well Acupuncture PC, SML Acupuncture PC, and Easy Care Acupuncture PC. The Complaint further alleges that Anikeyev and Osipov convinced the nominal owners of the professional corporations (including Kulagina and Abitbol) to essentially "sell" their acupuncture licenses to them so that they could fraudulently incorporate the PCs and use them to submit large-scale fraudulent billing to insurers.

The Complaint further details the precise nature of how the professional corporations fraudulently billed GEICO by exaggerating and inflating the charges and billing for acupuncture services which are performed pursuant to a fraudulently pre-determined protocol without regard to the actual medical necessity of the treatments. GEICO set forth in detail how the Defendants

---

[2] Kulagina's affidavit is virtually identical.

5

routinely inflate the charges by billing for three to four units of treatment (or sometimes more), purportedly consisting of 45 minutes to 60 minutes of personal, one-on-one, contact, per Insured per day – even though virtually all treatments rendered are face down, with all points billed for accessible for needling at one time, during one unit of treatment.

The Complaint also contains specific facts relating to the PCs listed under Kulagina's and Abitbol's names. For example, the Complaint states that the NYS Department of State listed Osipov as the CEO of Easy Care rather than the nominal owner, Kulagina; that Kulagina directed GEICO to Sylvan to discuss the operations of Easy Care; and that virtually every report submitted to GEICO by the twenty PC Defendants, including those by Easy Care, contain the exact same language in the "Treatments and Recommendations" section, the "Comments" section, and the "Prognosis" section. GEICO also identified claim numbers of patients of Easy Care who advised GEICO that their acupuncture "treatments" lasted 15 minutes and that there was no reinsertion of needles, contrary to the billing for 45-60 minutes of treatment purportedly involving reinsertion of needles. (Complaint ¶¶ 194, 197 and 76.)

As to Abitbol, the Complaint alleges that the treating acupuncturist working at Urban Well (under the nominal ownership of Abitbol) did not know who the owner of the corporation was, despite being offered a job at Urban Well by his friend "Ilona," and he did not know who his boss was. Further, this acupuncturist admitted after reviewing his treatment notes and after seeing bills submitted to GEICO that he did not treat the patients for the amount of time submitted on the bills. Moreover, it is alleged that virtually every report submitted to GEICO by the twenty PC Defendants, including those by Urban Well, contain the exact same language in the "Treatments and Recommendations" section, the "Comments" section, and the "Prognosis" section. (Complaint ¶¶ 216 and 219.)

6

In response to GEICO's Complaint, Defendants submit a lone paragraph in their Memorandum of Law as well as a similarly dismissive paragraph in their individual affidavits, stating they have several viable meritorious defenses and that they deny all causes of actions and allegations that are made. A blanket denial of allegations is simply not sufficient under the precedent of this Circuit. See Cohan, 409 Fed. App'x at 456 (affirming district court's denial of motion to vacate a default where defendant's mere assertions that he did not commit fraud was nothing more than a general denial of allegations in the complaint); Badian v. Elliott, 165 Fed. App'x 886, 892 (2d Cir.2006) (affirming district court's denial of motion to vacate a default where the defendant's meritorious defense to a breach of contract action for fraudulent transfers was that he had "legitimate business reasons for these transfers.").[3]

The statements in the Memorandum of Law and Affidavits are conclusory, are devoid of facts or evidence, and do not address the detailed allegations in GEICO's Complaint. In fact, they do not even attempt to detail the defenses they claim exist. They amount to nothing more than bald "I didn't do it" defenses, which this Circuit has routinely held to be insufficient to support a claim that a defaulting defendant has a meritorious defense. See SEC v. Breed, 2004 WL 1824358 at *12 (S.D.N.Y. 2004) ("With regard to defendants' affidavits, I am reminded of the common wisdom expressed by Judge Casey in [DirecTV, Inc. v. Rosenberg, 2004 WL 345523 (SDNY 2004)], which is that "I didn't do it" is not a meritorious defense....defendants

---

[3] This Circuit has routinely denied defendants' requests to vacate defaults, even where parties have presented statements and evidence well beyond what is presented herein. See Travelers Indem. Co. v. Kabir, 368 Fed. App'x 209, 210 (2d Cir.2010) (affirming district court's denial of motion to vacate where defendant's testimony did not present credible evidence of a meritorious defense); United States v. Medley, 13 Fed. App'x 58, 59 (2d Cir.2001) (noting defendants' conclusory allegations of fraud on the part of the school she attended do not excuse her nonpayment on the student loan, which was a debt owed to the government, not to the school."); United States v. Riser, No. 10–CV–4550, 2011 WL 1004566, at *3 (E.D.N.Y. March 16, 2011) (denying a motion to vacate a default judgment where "neither Defendant's affidavit nor his answer set forth the basis for his contention that he does not owe the amount listed in the judgment.").

are obligated to assert facts rather than conclusory statements"); Gesualdi, supra, 2009 U.S. Dist. LEXIS 82958 at *7 ("Defendant presents no facts or information beyond its conclusory and unsworn statement that it does not owe plaintiffs any money, and thus has not sustained its burden of proof.").

Simply, there is absolutely no support, absolutely no factual evidence submitted, and absolutely no discussion of any meritorious defense to GEICO's claims. Defendants have not met their burden of showing a meritorious defense to GEICO's Complaint and for this reason alone, their motion must be denied.

3. Defendants' Defaults Were Willful

In determining whether a party willfully defaulted, a court will consider whether the defendant's conduct "is deliberate or egregious or is carried out in bad faith." See Hernandez v. La Cazuela de Mari Restaurant, Inc., 538 F.Supp. 2d 528, 532 (E.D.N.Y. 2007); Gesualdi, supra, at *4. Willfulness, however, does not require a finding of bad faith (Gucci Am. v. Gold Ctr. Jewelry, 158 F.3d 631, 634 (2d Cir. 1998)) and includes conduct that is not satisfactorily explained. See S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). Willfulness also does not necessarily mean "intentional,", but rather something more than simple negligence. United States ex rel. United States SBA v. Manhattan Cent. Capital Corp., 2001 U.S. Dist. LEXIS 11562 (S.D.N.Y. July 26, 2001).

In this case, while Defendants' counsel has proffered various personal reasons for the delay on his part, the Court should not overlook the fact that the individual Defendants have proffered cursory, insulting reasons for the delay in contacting counsel and not answering in a timely fashion, which rise to the level of willfulness. Defendants attempt to paint a picture of two individuals, Kulagina and Abitbol, who did not answer the Complaint and delayed in

8

seeking representation because they did not understand the United States court system. This simply is not the case, and Defendants' excuses should not be rewarded with vacatur of defaults.

For example, Kulagina states that her default was not willful as she "did not know what to do or where to go," further claiming she did not possess the "expertise or sophistication necessary," to obtain counsel. Additionally, Kulagina admits to simply not reading the Complaint because she was too busy. This type of ignorance cannot be rewarded. Kulagina knew exactly what to do when served with the Complaint and her failure to obtain counsel or follow up with any counsel she discussed the matter with should not be overlooked. Kulagina and her PCs are no stranger to the legal system. Since February 13, 2008, Kulagina's purported PC, Easy Care, has filed hundreds of complaints against GEICO in the courts of New York -- using the Law Office of Gary Tsirelman as counsel.[4] Likewise, Kulagina's other purported PC, SML, has filed numerous suits against GEICO seeking reimbursement of no-fault benefits using the Law Office of Gary Tsirelman as counsel. Concurrently to claiming she had no idea what to do when served with the Complaint, Kulagina and her PCs have pending litigations against GEICO where the complaints seek hundreds of thousands of dollars from GEICO.

Similarly, Abitbol claims she "did not know what to do," and did not "possess the "expertise or sophistication necessary," to obtain counsel. While claiming to have not taken any action with the Complaint because Abitbol was on vacation, she then claims that she would come back to New York to treat patients regularly. To simply not take any action with respect to the Complaint filed against her cannot go unnoticed. Moreover, much like, Kulagina, Abitbol is no stranger to the court system and litigation process. She knew exactly what to do when served with the Complaint and her failure to obtain counsel should not be overlooked. Since May 21,

---

[4] Indeed, GEICO has paid Easy Care approximately $650,000.00 based on the submission of bills by Easy Care. GEICO has paid approximately $134,000.00 based on the submission of bills by SML.

2008, Abitbol's purported PC, Urban Well, has filed hundreds of complaints against GEICO in the courts of New York – using the Law Office of Gary Tsirelman as counsel.[5]

The Defendants' claims of being unsophisticated and not having any expertise to even formulate a plan to respond to the Complaint is unfathomable. The Defendants wish to have this Court overlook that they are the listed owners of numerous professional corporations and if the Court is to adopt their position, that they are legitimate business owners, who manage, control, run and operate their own businesses, and who have had a long term attorney-client relationship with the Law Office of Gary Tsirelman. The Defendants' acupuncture PCs operate at numerous locations allegedly providing treatment to hundreds of patients, employ numerous individuals, have billed GEICO in excess of $1,000,000.00 for services they are allegedly providing, and regularly prosecute civil court recovery actions against New York insurers. It cannot be said that those facts paint the picture of uneducated, unsophisticated individuals, who, when served with a Complaint, their only response is to not read it (because it is very big) or simply ignore it (because they were treating patients).

The Second Circuit has held that ignorance does not constitute "good cause" to excuse procedural default. See Washington v. James, 996 F.2d 1442, 1447 (2d Cir.1993)("Ignorance or inadvertence will not constitute cause."). Mere ignorance of the law is not sufficient cause to excuse a procedural default. See e.g., Neff v. U.S., 971 F.Supp. 771, 774 (E.D.N.Y. 1997). Additionally, it is well settled that lack of legal sophistication does not constitute an excusable neglect of a default. See e.g. King v. Galluzzo Equipment & Excavating Inc., 223 F.R.D.94 (E.D.N.Y. 2004) ("Lack of sophistication…is no excuse for a defendants' default."); Original

---

[5] Indeed, GEICO has paid Urban Well approximately $350,000.00 based on the submission of bills by Urban Well.

10

Appalachian Artworks v. Yuil International, 105 F.R.D. 113, 116 (S.D.N.Y.1985); ILGWU Nat. Retirement Fund v. Empire State Mills Corp., 696 F.Supp. 885 (S.D.N.Y. 1988).

It is unclear why the Defendants, who have been represented by the Law Office of Gary Tsirelman for years, did not instantly reach out to that firm upon receipt of the Complaint. Defendants offer no specifics, like dates, times, or details of conversations, to support their specious contention that they attempted to obtain counsel prior to their defaults. But a party must provide a satisfactory explanation of the reason for the default or courts will find willfulness. McNulty, 137 F.3d at 738. Courts have found "unexplained," "flimsy" or "untenable" reasons insufficient to justify overturning default judgments. Id.

While Attorney Tsirelman tries to deflect the failure by Kulagina and Abitbol to act by citing to various personal issues he faced from mid-August on (well after service was effectuated on Kulagina on July 8, 2011 and Abitbol on July 15, 2011), it must be noted that the Law Office of Gary Tsirelman is a sophisticated one. In fact, during the time period beginning from when GEICO served the Complaint in this action through September 2011, Mr. Tsirelman's law firm has filed no fewer than 1600 individual lawsuits against GEICO, seeking reimbursement of no-fault benefits on behalf of its clients. Moreover, while GEICO is sensitive to extending professional courtesies to counsel of record, particularly where attorneys face personal issues, the regular litigation practice of the Law Office of Gary Tsirelman with GEICO is to refuse to stipulate to vacate any default by GEICO, even when the Law Office of Gary Tsirelman serves hundreds of complaints on GEICO on the same day, regardless of inadvertence or other reason for the default. See Declaration of Rachel Perry, annexed as Exhibit "B" to the Sirignano Declaration.

11

Under these circumstances, Defendants knew full well that they should have acted and, thus, their defaults were willful.

### 4. GEICO Is Prejudiced By Vacatur of the Defaults

Defendants' motion to vacate summarily states that GEICO has not suffered any prejudice. This is simply untrue. GEICO has already sustained substantial prejudice in connection with the considerable resources it has spent in attempting to move this case forward. GEICO has taken considerable expense in the preparation, filing and continued litigation of this matter. Moreover, GEICO's Complaint is grounded in fraudulent conduct. Allowing the Defendants to ignore the rules of this Court and then enter this litigation on their own schedule will embolden defendants to ignore and toss aside the rules of this Court – and to use the delay to cover up their fraudulent conduct.

Nevertheless, it is well settled that "[a]n absence of prejudice to the non-defaulting party [does] not in itself entitle the defaulting party to relief from the judgment." McNulty, 137 F.3d at 738; see also Willis v. Landamerica Onestop, Inc., 2009 WL 2474624, at *3 (S.D.N.Y. 2009) ("[D]elay as the sole resulting prejudice to the non-defaulting party is not sufficient to militate against vacating a default judgment."). Rather, the Court has discretion to deny a motion to vacate if it is persuaded that the default was willful and if the defaulting party does not have a meritorious defense. McNulty, 137 F.3d at 738. Therefore, a lack of prejudice does not outweigh the Court's finding that Defendants defaulted willfully and have shown no meritorious defense.

## CONCLUSION

For the reasons stated herein, Defendants' motion to vacate the defaults should be denied in its entirety.

Dated: Uniondale, New York
November 7, 2011

Respectfully submitted,

RIVKIN RADLER LLP

By: _____
Michael A. Sirignano (MS 5263)
Barry I. Levy (BL 2190)
Ryan Goldberg (RG 7570)
926 RXR Plaza
Uniondale, NY 11556-0926
Tel.: (516) 357-3000
Fax: (516) 357-3333

*Counsel for Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co.*

2539322 v2

13