UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY and GEICO
CASUALTY CO.,

Docket No.:
CV 11-3247 (FB)(SMG)

       Plaintiffs,

 -against-

NELLYA RAZZAKOVA, L.Ac., et al.,

       Defendants.
------------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' (RAZZAKOVA AND NR ACUPUNCTURE PC) MOTION TO VACATE DEFENDANTS' DEFAULTS

             RIVKIN RADLER LLP
             926 RXR Plaza
             Uniondale, NY 11556-0926
             Tel.: (516) 357-3000
             Fax: (516) 357-3333

             *Counsel for Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co.*

Of Counsel:

Michael A. Sirignano (MS 5263)
Barry I. Levy (BL 2190)
Ryan Goldberg (RG 7570)

# TABLE OF CONTENTS

                                                          **Page**

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT .............................................................................................1

FACTS AND RELEVANT PROCEDURAL HISTORY ........................................................2

ARGUMENT.............................................................................................................................3

     1.     The Standard to Vacate Default..................................................................................3

     2.     Defendants Fail to Present a Meritorious Defense ...................................................4

     3.     Defendants' Defaults Were Willful ............................................................................7

     4.     GEICO Is Prejudiced By Vacatur of the Defaults ...................................................10

CONCLUSION........................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Badian v. Elliott,
   165 Fed. App'x 886 (2d Cir.2006) .................................................................................. 6

DirecTV, Inc. v. Rosenberg,
   2004 WL 345523 (SDNY 2004) ...................................................................................... 7

Enron Oil Corp. v. Diakuhara,
   10 F.3d 90 (2d Cir. 1993) ................................................................................................. 4

Gesualdi v. Tapia Trucking, Inc.,
   2009 U.S. Dist LEXIS 82958 (E.D.N.Y. 2009) ........................................................... 4, 7

Gucci Am. v. Gold Ctr. Jewelry,
   158 F.3d 631 (2d Cir. 1998) ............................................................................................. 7

Hernandez v. La Cazuela de Mari Restaurant, Inc.,
   538 F.Supp. 2d 528 (E.D.N.Y. 2007) .............................................................................. 7

ILGWU Nat. Retirement Fund v. Empire State Mills Corp.,
   696 F.Supp. 885 (S.D.N.Y. 1988) ................................................................................... 9

King v. Galluzzo Equipment & Excavating Inc.,
   223 F.R.D.94 (E.D.N.Y. 2004) ........................................................................................ 9

Neff v. U.S.,
   971 F.Supp. 771 (E.D.N.Y. 1997) ................................................................................... 9

Original Appalachian Artworks v. Yuil International,
   105 F.R.D. 113 (S.D.N.Y.1985) ...................................................................................... 9

Richardson v. Nassau County,
   184 F.R.D. 497 (E.D.N.Y. 1999) ................................................................................. 3, 4

SEC v. Breed,
   2004 US Dist Lexis 16106 (S.D.N.Y. 2004) ................................................................... 4

SEC v. Breed,
   2004 WL 1824358 (S.D.N.Y. 2004) ............................................................................... 6

SEC v. McNulty,
   137 F.3d 732 (2d. Cir. 1998) .............................................................................. 4, 7, 9, 10

State Farm Mut. Auto. Ins. Co., v. Barry Cohan, D.D.S. et al.,
   409 Fed. Appx. 453 (2d Cir. 2011)...........................................................................3, 6

Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf,
   2006 U.S. Dist. Lexis 72711 (S.D.N.Y. 2006)................................................................4

Travelers Indem. Co. v. Kabir,
   368 Fed. App'x 209 (2d Cir.2010)...................................................................................6

United States ex rel. United States SBA v. Manhattan Cent. Capital Corp.,
   2001 U.S. Dist. LEXIS 11562 (S.D.N.Y. July 26, 2001).................................................7

United States v. Medley,
   13 Fed. App'x 58 (2d Cir.2001).......................................................................................6

United States v. Riser,
   No. 10–CV–4550, 2011 WL 1004566 (E.D.N.Y. March 16, 2011).................................6

Washington v. James,
   996 F.2d 1442 (2d Cir.1993)............................................................................................9

Willis v. Landamerica Onestop, Inc.,
   2009 WL 2474624 (S.D.N.Y. 2009)..............................................................................10

**FEDERAL RULES AND REGULATIONS**

Rule 55(c) of the Federal Rules of Civil Procedure ..........................................................3

Rule 60(b) of the Federal Rules of Civil Procedure .........................................................3

## PRELIMINARY STATEMENT

Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "Plaintiffs" or "GEICO") respectfully submit this memorandum of law in opposition to the motion by defendants Nellya Razzakova, L.Ac. ("Razzakova") and NR Acupuncture, P.C. ("NR") (collectively, "Defendants"), to vacate Defendants' defaults.

Defendants' motion is devoid of all merit. Defendants admit service of GEICO's complaint on July 8, 2011 and admit counsel was not retained until after their time to answer had expired. In an attempt to excuse their defaults, Razzakova submits a vague affidavit claiming, among other things, that "she didn't know what to do" after receiving the complaint and that there was confusion with her counsel. Razzakova, however, plainly did not bother to make any effort to retain counsel until a few days prior to the deadline to answer the Complaint; led her counsel (Gary Tsirelman, Esq.) to believe "that Ms. Razzakova decided not to retain him;" and apparently never bothered to formally retain counsel until more than 30 days after the Clerk entered defaults against Defendants. This is blatant disregard for a legal proceeding that Razzakova knew had been initiated against her.

More importantly, Defendants fail to proffer anything close to a meritorious defense to GEICO's claims in this case. Defendants' motion papers contain nothing but the most perfunctory denial and fail to rebut in any meaningful way the detailed factual allegations in GEICO's complaint. Pursuant to well-settled case law, Defendants' conclusory -- "I have defenses" -- assertion is insufficient to establish a meritorious defense for purposes of vacatur of a default.

In short, Defendants have willfully defaulted and proffered no evidence beyond conclusory denials that they have a meritorious defense to this action. Under these circumstances, Defendants' motion to vacate their defaults should be denied.

## FACTS AND RELEVANT PROCEDURAL HISTORY

The facts relating to the claims in this action are more fully set forth in the Complaint. (See ECF Docket No. 1.) The facts relating to Defendants' defaults and GEICO's efforts to move the case forward are more fully set forth in the accompanying November 10, 2011 Declaration of Michael A. Sirignano, Esq. ("Sirignano Decl."). GEICO respectfully refers the Court to those materials. Briefly, however, this action involves claims for fraud, unjust enrichment, declaratory relief, and for violations of the civil RICO statute, based upon the following facts:

(i) the professional corporations, serve as vehicles through which fraudulent no-fault claims for reimbursement are submitted to GEICO for acupuncture services allegedly provided to individuals involved in New York automobile accidents ("Insureds");

(ii) though the professional corporations are nominally owned on paper by an acupuncturist, they actually are secretly and unlawfully owned and controlled by the laypeople;

(iii) the laypeople conceal their secret and unlawful ownership and control over the professional corporations by causing the professional corporations to enter into phony "billing" arrangements with themselves and the entity that they control;

(iv) the laypeople use the professional corporations to fraudulently bill GEICO by exaggerating and inflating the charges, and billing for acupuncture services which are performed pursuant to a fraudulently pre-determined protocol without regard to the actual medical necessity of the treatments; and

(v) after causing the professional corporations to submit the fraudulent billing to GEICO, the laypeople use the phony "billing" arrangements they establish with the professional corporations to unlawfully siphon all of the professional corporations' profits to themselves.

See Complaint.

A true and correct copy of the Summons and Complaint was personally served on Razzakova on July 8, 2011. Proof of service was filed with the Court via ECF on July 21, 2011. Similarly, true and correct copies of the Summons and Complaint were served on NR via the New York Secretary of State on July 8, 2011. Proof of service was filed with the Court via ECF on July 28, 2011. None of the Defendants timely appeared in this action.

GEICO formally filed for default judgments on August 24, 2011 (Docket Nos. 58 and 59) and the Clerk entered the Defaults on August 25, 2011 (Docket Nos. 67 and 68). Defendants' counsel filed notices of appearance on behalf of the Defendants more than 30 days later, on September 30, 2011 (Docket No. 92). Defendants waited almost 30 more days thereafter to file the within motion to vacate the defaults, on October 26, 2011 (Docket No. 103).

## ARGUMENT

1. The Standards to Vacate Default

Rule 55(c) of the Federal Rules of Civil Procedure authorizes a court to "set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." In this case, no final default judgment has been rendered, therefore, the proper standard to analyze is the standard set forth in Rule 55(c).

In considering a motion to vacate, "courts have gone beyond the bare wording of the rule and established certain criteria which should be considered in deciding whether the designated standards have been satisfied." Richardson v. Nassau County, 184 F.R.D. 497, 501 (E.D.N.Y. 1999). In the context of a motion to set aside a default or default judgment, the Second Circuit has stated that while the rule does not define "good cause," the courts must principally assess (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party for whom default was awarded. State Farm Mut. Auto. Ins. Co., v. Barry Cohan, D.D.S. et al., 409 Fed. Appx.

3

453, 455 (2d Cir. 2011); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993); SEC v. McNulty, 137 F.3d 732, 738 (2d. Cir. 1998); Richardson, supra; Gesualdi v. Tapia Trucking, Inc., 2009 U.S. Dist LEXIS 82958 (E.D.N.Y. 2009).

    2.    Defendants Fail To Present a Meritorious Defense

While a defendant need not prove his defense to vacate an entry of default, he must present some *evidence* beyond conclusory denials. Enron Oil Corp. v. Diakuhara, 10 F. 3d 90, 98 (2d Cir. 1993); SEC v. Breed, 2004 US Dist Lexis 16106, *37 (S.D.N.Y. 2004); Gesualdi v. Tapia Trucking, Inc., supra, 2009 US Dist Lexis 82958 (E.D.N.Y. 2009). A defendant may not simply allege there is a defense, but rather must go further and allege specific facts that if proven at trial, would constitute a complete defense to the claims asserted in the Complaint. See S.E.C. v. McNulty, 137 F.3d 732, 740 (2d Cir. 1998); Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf, 2006 U.S. Dist. Lexis 72711, at *3-4 (S.D.N.Y. 2006).

Defendants' moving papers (and accompanying affidavit) do not even come close to establishing a meritorious defense as they contain the barest of conclusory denials, no evidence to support any defense; no explanation of any defenses they "believe" exist; and in fact, state that Defendants merely "believe" they have a meritorious defense. See Defendants moving papers, Docket No. 103-1 at p.4. To show a meritorious defense exists, the Defendants must go further than alleging that a defense might exist. Critically, the individual Defendant's entire statement as to purported meritorious defenses consists of a single paragraph:

> In response to plaintiff's action, I have several viable meritorious defenses, any of which could render plaintiffs' action completely baseless. These defenses include lack of subject matter jurisdiction, mandatory arbitration clause, and I deny all allegations and causes of action against me.

See Razzakova Affidavit.

4

GEICO's Complaint in this matter describes a massive fraudulent acupuncture scheme – in considerable detail throughout 170 pages – and describes each of the defendants' roles in the fraudulent scheme, masterminded by lay-persons that defrauded GEICO into paying over $8,500,000.00 and further seeks to collect another $10,000,000.00 in bills which have been submitted to GEICO. Complaint at ¶¶ 1-6, 52-91. The Complaint alleges, among other things, that Andrey Anikeyev and Karo Osipov, through their purported billing company, illegally own and control numerous acupuncture professional corporations, including the Defendant at issue here – NR Acupuncture PC. The Complaint further alleges that Anikeyev and Osipov convinced the nominal owners of the professional corporations (including Razzakova) to essentially "sell" their acupuncture licenses to them so that they could fraudulently incorporate the PCs and use them to submit large-scale fraudulent billing to insurers.

The Complaint further details the precise nature of how the professional corporations fraudulently billed GEICO by exaggerating and inflating the charges and billing for acupuncture services which are performed pursuant to a fraudulently pre-determined protocol without regard to the actual medical necessity of the treatments. GEICO set forth in detail how the Defendants routinely inflate the charges by billing for three to four units of treatment (or sometimes more), purportedly consisting of 45 minutes to 60 minutes of personal, one-on-one, contact, per Insured per day – even though virtually all treatments rendered are face down, with all points billed for accessible for needling at one time, during one unit of treatment.

The Complaint also contains specific facts relating to NR listed under Razzakova's name. For example, Razzakova admitted that her "boss" was Anikayev and that he "runs the whole thing." Complaint at ¶ 278. Additionally, NR's mailing address is associated with Sylvan. Id. Moreover, it is alleged that virtually every report submitted to GEICO by the twenty PC

5

Defendants, including those by NR, contain the exact same language in the "Treatments and Recommendations" section, the "Comments" section, and the "Prognosis" section. Id. at ¶280.

In response to GEICO's Complaint, Defendants submit a lone paragraph in their Memorandum of Law as well as a similarly dismissive paragraph in the individual affidavit, stating they have several viable meritorious defenses and that they deny all causes of actions and allegations that are made. A blanket denial of allegations is simply not sufficient under the precedent of this Circuit. See Cohan, 409 Fed. App'x at 456 (affirming district court's denial of motion to vacate a default where defendant's mere assertions that he did not commit fraud was nothing more than a general denial of allegations in the complaint); Badian v. Elliott, 165 Fed. App'x 886, 892 (2d Cir.2006) (affirming district court's denial of motion to vacate a default where the defendant's meritorious defense to a breach of contract action for fraudulent transfers was that he had "legitimate business reasons for these transfers.").[1]

The statements in the Memorandum of Law and Affidavits are conclusory, are devoid of facts or evidence, and do not address the detailed allegations in GEICO's Complaint. In fact, they do not even attempt to detail the defenses they claim exist. They amount to nothing more than bald "I didn't do it" defenses, which this Circuit has routinely held to be insufficient to support a claim that a defaulting defendant has a meritorious defense. See SEC v. Breed, 2004 WL 1824358 at *12 (S.D.N.Y. 2004) ("With regard to defendants' affidavits, I am reminded of

---

[1] This Circuit has routinely denied defendants' requests to vacate defaults, even where parties have presented statements and evidence well beyond what is presented herein. See Travelers Indem. Co. v. Kabir, 368 Fed. App'x 209, 210 (2d Cir.2010) (affirming district court's denial of motion to vacate where defendant's testimony did not present credible evidence of a meritorious defense); United States v. Medley, 13 Fed. App'x 58, 59 (2d Cir.2001) (noting defendants' conclusory allegations of fraud on the part of the school she attended do not excuse her nonpayment on the student loan, which was a debt owed to the government, not to the school."); United States v. Riser, No. 10–CV–4550, 2011 WL 1004566, at *3 (E.D.N.Y. March 16, 2011) (denying a motion to vacate a default judgment where "neither Defendant's affidavit nor his answer set forth the basis for his contention that he does not owe the amount listed in the judgment.").

6

the common wisdom expressed by Judge Casey in [DirecTV, Inc. v. Rosenberg, 2004 WL 345523 (SDNY 2004)], which is that "I didn't do it" is not a meritorious defense....defendants are obligated to assert facts rather than conclusory statements"); Gesualdi, supra, 2009 U.S. Dist. LEXIS 82958 at *7 ("Defendant presents no facts or information beyond its conclusory and unsworn statement that it does not owe plaintiffs any money, and thus has not sustained its burden of proof.").

Simply, there is absolutely no support, absolutely no factual evidence submitted, and absolutely no discussion of any meritorious defense to GEICO's claims. Defendants have not met their burden of showing a meritorious defense to GEICO's Complaint and for this reason alone, their motion must be denied.

    3.    <u>Defendants' Defaults Were Willful</u>

In determining whether a party willfully defaulted, a court will consider whether the defendant's conduct "is deliberate or egregious or is carried out in bad faith." See Hernandez v. La Cazuela de Mari Restaurant, Inc., 538 F.Supp. 2d 528, 532 (E.D.N.Y. 2007); Gesualdi, supra, at *4. Willfulness, however, does not require a finding of bad faith (Gucci Am. v. Gold Ctr. Jewelry, 158 F.3d 631, 634 (2d Cir. 1998)) and includes conduct that is not satisfactorily explained. See S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). Willfulness also does not necessarily mean "intentional,", but rather something more than simple negligence. United States ex rel. United States SBA v. Manhattan Cent. Capital Corp., 2001 U.S. Dist. LEXIS 11562 (S.D.N.Y. July 26, 2001).

In this case, Defendants have proffered cursory, insulting reasons for the delay and default, which rise to the level of willfulness. For example, Razzakova states that her default was not willful as she "did not know what to do," further claiming she did not possess the "expertise or sophistication necessary," to obtain counsel. Razzakova, however, knew exactly

what to do when served with the Complaint and her failure to obtain counsel or follow up with counsel on the matters she discussed should not be overlooked.

Razzakova is the first-named defendant in the Complaint filed by GEICO alleging a massive fraudulent acupuncture scheme involving allegations that laypersons (Anikeyev and Osipov) illegally control acupuncture professional corporations, including NR, which is under Razzakova's name. In fact, GEICO's complaint contains a specific allegation that Razzakova admitted that her "boss" was Anikeyev and that he "runs the whole thing." If Razzakova's statement in her affidavit is to be believed, that she is the "sole owner of NR Acupuncture PC," then she is a legitimate business owner, who manages, controls, runs and operates her own business -- which regularly bills for and collects under No-fault -- and the allegations specifically implicating her should have set off alarm bells.

Razzakova further attempts to excuse her default by claiming there was confusion about whether she had retained Gary Tsirelman, Esq. Razzakova's affidavit is vague and ambiguous. She first claims to have met with Attorney Tsirelman on July 26, 2011, sought representation from him, but no retainer was signed. She then claims that she and Attorney Tsirelman agreed that a retainer would be "emailed" to her. Razzakova further claims she never received a retainer via email because her computer broke, but then she states that she learned that the retainer was actually "mailed" to her on July 27th (not emailed). Attorney Tsirelman says nothing about emailing or mailing the retainer but instead affirms that it was his "impression that Ms. Razzakova decided not to retain him."

More importantly, Razzakova admittedly let months go by before she actually retained Attorney Tsirelman. Actually, neither Razzakova nor Attorney Tsirelman state when Razzakova formally retained Tsirelman or how that came about. There is simply no explanation from

8

anyone as to what transpired between the time the default was entered against her and when Attorney Tsirelman entered a notice of appearance more than 30 days after.

Even assuming Razzakova's intention to retain counsel in late July to be true, she apparently did not even attempt to discuss the matter with the attorney she allegedly intended to retain for over two months, dating from their initial meeting – and never bothered to follow up for the retainer that was "mailed" to her despite the fact that her computer allegedly "broke." In short, Razzakova's purported explanation for her default does not ring true, and is unsatisfactory to vacate the default. To not take any action besides that described in her affidavit with respect to the Complaint filed against her cannot go unnoticed.

The Second Circuit has held that ignorance does not constitute "good cause" to excuse procedural default. See Washington v. James, 996 F.2d 1442, 1447 (2d Cir.1993)("Ignorance or inadvertence will not constitute cause."). Mere ignorance of the law is not sufficient cause to excuse a procedural default. See e.g., Neff v. U.S., 971 F.Supp. 771, 774 (E.D.N.Y. 1997). Additionally, it is well settled that lack of legal sophistication does not constitute an excusable neglect of a default. See e.g. King v. Galluzzo Equipment & Excavating Inc., 223 F.R.D.94 (E.D.N.Y. 2004) ("Lack of sophistication…is no excuse for a defendants' default."); Original Appalachian Artworks v. Yuil International, 105 F.R.D. 113, 116 (S.D.N.Y.1985); ILGWU Nat. Retirement Fund v. Empire State Mills Corp., 696 F.Supp. 885 (S.D.N.Y. 1988).

A party must provide a satisfactory explanation of the reason for the default or courts will find willfulness. McNulty, 137 F.3d at 738. Courts have found "unexplained," "flimsy" or "untenable" reasons insufficient to justify overturning default judgments. Id. Under these circumstances, Defendants defaults were willful.

9

4.  GEICO Is Prejudiced By Vacatur of the Defaults

Defendants' motion to vacate summarily states that GEICO has not suffered any prejudice. This is simply untrue. GEICO has already sustained substantial prejudice in connection with the considerable resources it has spent in attempting to move this case forward. GEICO has taken considerable expense in the preparation, filing and continued litigation of this matter. Moreover, GEICO's Complaint is grounded in fraudulent conduct. Allowing the Defendants to ignore the rules of this Court and then enter this litigation on their own schedule will embolden defendants to ignore and toss aside the rules of this Court – and to use the delay to cover up their fraudulent conduct.

Nevertheless, it is well settled that "[a]n absence of prejudice to the non-defaulting party [does] not in itself entitle the defaulting party to relief from the judgment." McNulty, 137 F.3d at 738; see also Willis v. Landamerica Onestop, Inc., 2009 WL 2474624, at *3 (S.D.N.Y. 2009) ("[D]elay as the sole resulting prejudice to the non-defaulting party is not sufficient to militate against vacating a default judgment."). Rather, the Court has discretion to deny a motion to vacate if it is persuaded that the default was willful and if the defaulting party does not have a meritorious defense. McNulty, 137 F.3d at 738. Therefore, a lack of prejudice does not outweigh the Court's finding that Defendants defaulted willfully and have shown no meritorious defense.

## CONCLUSION

For the reasons stated herein, Defendants' motion to vacate the defaults should be denied in its entirety.

Dated: Uniondale, New York
November 10, 2011

Respectfully submitted,

RIVKIN RADLER LLP

By: _____
Michael A. Sirignano (MS 5263)
Barry I. Levy (BL 2190)
Ryan Goldberg (RG 7570)
926 RXR Plaza
Uniondale, NY 11556-0926
Tel.: (516) 357-3000
Fax: (516) 357-3333

*Counsel for Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co.*

2546159v3