**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GEICO INSURANCE COMPANY, *et al.*, *Plaintiffs*, -v.- NELLYA RAZZAKOVA, *et al.*, *Defendants*. | Civil Action No. 11 Civ. 03247 (FB)(SMG) November 14, 2011 |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTIONS TO SET ASIDE THE CLERKS DEFAULTS AS TO NR ACUPUNCTURE, PC, NELLYA RAZZAKOVA, ILONA ABITBOL, EASY CARE ACUPUNCTURE, PC, ADA KULAGINA, SML ACUPUNCTURE, PC, AND URBAN WELL ACUPUNCTURE**

Dated: November 14, 2011
Brooklyn NY

Gary Tsirelman, PC
65 Jay Street, 3rd Floor
Brooklyn, NY 11201
Tel.: (718) 438-1200
Fax: (718) 438-8883
*Counsel for Defendants: Ilona Abitbol, Easy Care Acupuncture, PC, Ada Kulagina, SML Acupuncture, PC, Urban Well Acupuncture, Nellya Razzakova, and NR Acupuncture, PC, et al.*

Of Counsel:
David M. Gottlieb

**PRELIMINARY STATEMENT**

GEICO submits separate opposition for each of Defendants' motions. The first opposition (ECF No. 106-107) is as to Ilona Abitbol, Easy Care Acupuncture, PC, Ada Kulagina, SML Acupuncture, PC, and Urban Well Acupuncture. The second opposition (ECF No. 108-109) is as to Nellya Razzakova, and NR Acupuncture, PC. There is no need for separate replies.

Defendants made every attempt to address this issue amicably, but GEICO—while claiming to be prejudiced by the delay[1]—refused to attempt anything resembling a good faith resolution of this issue, namely, setting aside the defaults. Indeed, this Court suggested that the parties resolve this amicably,[2] but was disappointed by the parties' failure to work out any sort of agreement.[3] GEICO has fought this every step of the way—creating obstacles where none exist and writing letter after pointless letter. Rather than address the merits of the case head-on, GEICO resorted to grandstanding.[4]

GEICO's refusal to stipulate to vacate is based upon references to New York City Civil Court matters; GEICO claims that these Defendants did not vacate an

---

[1] Plaintiff's First Memorandum in Opposition at 12, ECF No. 106; Plaintiff's Second Memorandum in Opposition at 12, ECF No. 108.

[2] Order dated September 19, 2011,

[3] Order dated September 29, 2011.

[4] According to GEICO, every paper that doesn't completely agree with GEICO's position is "devoid of all merit" (Pl.'s First Mem. in Opp'n at 1)(Pl.'s Second Mem. in Opp'n at 1), a result of "blatant disregard," (Second Opp'n at 1), "not even come close to establishing [merit]" (First Opp'n at 4) (Second Opp'n at 4), "insulting" (First Opp'n at 8) (Second Opp'n at 7), "unfathomable" (First Opp'n at 10), and so on. These trite phrases are heavily sprinkled throughout GEICO's papers in this case, as well as in most others. Appeals to force, repetition, or even cliché should not carry the day.

unknown number of GEICO's Defaults,[5] which is Petty nonsense. *See* Declaration of Rachel Perry, Esq, ECF No. 107-3. GEICO is not standing on principle here; it is resorting to playground-bully antics.

Defendants provided a reasonable excuse and a meritorious defense. Other than hyperbole and name-calling, GEICO did not prove otherwise. Prior litigation experience in the New York City Civil Court system is not the same as being summoned into this Federal Courthouse. Not even close. GEICO knows this. Defendants did more than deny all the allegations in GEICO's double-phone-book complaint; it presented a jurisdictional defense and indicated that the complaint did not state a cause of action as to any Defendant.

**ARGUMENT**

*Defendants' showing is sufficient to warrant vacatur of their defaults*

The Second Circuit has long held that the standard to vacate an entry of default is lower than that to vacate a default judgment. *Meehan v. Snow*, 652 F.2d 274 (2d. Cir. 1981); *Kuklachev v. Gelfman*, 2009 U.S. Dist. LEXIS 15592 at 8-9 (E.D.N.Y. 2009) ("Even if one factor weighs against vacating the default, if the other factors support it, the presumption in favor of resolution on the merits requires that the court vacate the default."). GEICO muddles this standard by citing cases concerning motions to vacate default judgments under Rule 60(b).

The defaults were not willful—they were not the result of deliberate or egregious conduct, nor were they the result of bad faith. Defendants' affidavits and

---

[5] Civil Court cases, as GEICO is well aware, rarely have more than two or three thousand dollars in dispute, which pales in comparison to a RICO action such as this.

Counsel's affirmations bear this out, despite GEICO's attempts to manufacture willfulness. Never has a death in the family been so coldly dismissed.[6] GEICO addressed this prong—willfulness—second to last, with prejudice immediately behind it. It did so for good reason: the arguments are weak.

Any prejudice GEICO has suffered or will suffer by vacatur is of its own creation. GEICO could have resolved this long ago, and this Court gave it the opportunity to do so, but GEICO wanted to drag this out. Now GEICO finds itself a victim of its own success and looks to the Court to save GEICO from itself.

Finally the Defendants have offered meritorious defenses, including a jurisdictional one. A failure to state a claim is a complete defense. GEICO would drop a building on these Defendants then claim that they should have pushed it off. All of the factors weigh towards resolution of these disputes on their merits, as does the strong policy in favor of such a resolution.

---

[6] Plaintiff's First Memorandum in Opposition at 11.

**CONCLUSION**

For the reasons stated herein, Defendants' motion to set aside the defaults should be granted in its entirety.

Dated: November 14, 2011

                                                        Respectfully Submitted

                                                        Gary Tsirelman, PC

                                                        By_____/s_____
                                                              David M. Gottlieb

                                                        65 Jay Street, 3rd Floor
                                                        Brooklyn, NY 11201
                                                        Tel.: (718) 438-1200
                                                        Fax: (718) 438-8883
                                                        *Counsel for Defendants:  Ilona Abitbol, Easy Care Acupuncture, PC, Ada Kulagina, SML Acupuncture, PC, Urban Well Acupuncture, Nellya Razzakova, and NR Acupuncture, PC, et al.*

cc: All Counsel via ECF