# GARY TSIRELMAN, P.C.

ATTORNEYS AND COUNSELORS AT LAW

| | | |
|---|---|---|
| Writer's Ext: | 105 | 65 JAY STREET, THIRD FLOOR |
| Writer's email: | gtsirelman@gtmdjd.com | BROOKLYN, NY 11201 |
| Writer Admitted in: | New York; U.S. District Court, Eastern and Southern Districts of New York | 718.438-1200<br>FAX: 718.438-8883 (NOT FOR SERVICE)<br>EMAIL: BKN@GTMDJD.COM |

February 13, 2012

**Via ECF**

Hon. Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:   Government Employees Ins. Co., et. al. v. Razzakova, et al. (11-CV-3247)**
      Defendants' Response to Plaintiff GEICO's Letter (Dkt. No. 123)

Dear Hon. Judge Gold,

    We write on behalf of our clients, Defendants in this suit,[1] in response to Plaintiffs GEICO's letter dated February 10, 2012, Dkt. No. 123. In that letter, GEICO's counsel requests an extension of time to respond to discovery demands greater than the reasonable extension we agreed to--but also raises objections to our discovery demands not previously raised to or discussed with us, in violation of the Eastern District's Local Civil Rule 37.3(a).[2]

    In response to Plaintiffs' request for a 60-day extension for responding to discovery demands, in the spirit of cooperation, we offered Plaintiffs 30-day extension[3]--the same offer

---

[1] Nelly Razzakova, L.Ac., Karina Kolomiytsev L.Ac., Lyubov Kondranina, L.Ac., Karina K Acupuncture P.C., New Century Acupuncture P.C., Ada Kulagina, L.Ac., SML Acupuncture P.C., Easy Care Acupuncture P.C., Roman Shimunov, L.Ac., Bronx Acupuncture Therapy P.C., Alpha Acupuncture P.C., Shirom Acupuncture P.C., Igor Shkapenyuk, L.Ac., TC Acupuncture P.C., Ellina Matskina, L.Ac., NR Acupuncture P.C., Healthy Way Acupuncture P.C., Bay Needle Acupuncture P.C., Dimitry Zapolsky, L.Ac., Acupuncture Approach P.C., Tatyana Kapustina, L.Ac., Perfect Point Acupuncture P.C., Natalya Kornilova, L.Ac., Lotus Acupuncture P.C., Acuhealth Acupuncture P.C., Yury Tsukanov, L.Ac., Sunrise Acupuncture P.C. , Silver Lotus Acupuncture P.C., Ilona Abitol, L.Ac., and Urban Wellness Acupuncture, P.C.

[2] "Prior to seeking judicial resolution of a discovery or non-dispositive pretrial dispute, the attorneys for the affected parties . . . shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute." L. R. 37.3(a) (E.D.N.Y.).

[3] Plaintiffs' counsel mention this *at the bottom of a footnote* in their letter. See Dkt. No. 123, at n.1.

made by Plaintiffs' counsel in response to our last request for an extension. Although we received a 60-day extension from the Court,[4] we represent **thirty** client Defendants[5]; while Plaintiffs' counsel **only** represent GEICO. Thus, we believed a one-month extension was **reasonable** to allow Plaintiffs' counsel to respond on behalf of **one** entity (GEICO), while we have one month on average to respond on behalf of **fifteen** clients. Plaintiffs' counsel's complaint to the Court that we offered to provide a longer extension if they would vacate a few of our clients' defaults is inappropriate: as zealous advocates for our clients we take every opportunity to negotiate a more favorable outcome for them, and offering to grant Plaintiffs a two-month extension (instead of the also reasonable one-month extension) was one such opportunity to negotiate.[6]

Plaintiffs' counsel also raise objections to our discovery demands, which we are hearing for the very first time, in spite of the emphasis in the Local Civil Rules about cooperating between counsel prior to bringing complaints to the attention of the Court. See L. R. 26.5, 37.3(a). The complaints severely mis-characterize our discovery demands:

For example, Plaintiffs' letter states that "the Interrogatory Requests for his clients consist of over one hundred requests for each client . . . ." Dkt. No. 123 at 1. **In fact, although we have *thirty* clients, we only served *twelve* Interrogatory Requests on Plaintiffs--not one "for each client"**--which Attorney Sirignano failed to bring to the Court's attention in his letter. Had our aim been "an apparent bad faith effort to increase the cost and burden on GEICO in responding to each set of discovery demands," see id. at 1-2, we would have served one set of Interrogatories per client instead of combining them for the convenience of all involved.[7] Insofar as Plaintiffs' counsel's assertion that we served "over one hundred requests," we maintain that our clients only served twenty-five or fewer Interrogatories apiece in full compliance with Federal Rule of Civil Procedure 33(a), and cannot fully address Attorney Sirignano's conclusion otherwise because he did not discuss this with us.

Plaintiffs' counsel also complain about our Production of Document requests. In light of the nature of GEICO's action against our clients--over twenty-five pounds of grave federal RICO allegations contained in 171 pages of complaint plus over 1700 pages of exhibits, implicating thirty of our clients--our service of these document requests is no more an "aim[ ] at unfairly burdening GEICO" than this was GEICO's aim against our clients. These requests are very closely tied to the Complaint: over ninety percent of the requests from any given Defendant cite to specific paragraph numbers in the Complaint and request documents relating to Plaintiffs'

---

[4]  See Dkt., Order dated Feb. 3, 2012.
[5]  See supra note 1.
[6]  Judge Block has directed GEICO to resolve the dispute over the defaults and was subsequently "disappointed" when no resolution could be reached without court intervention. See Dkt., Order dated Sept. 29, 2011. Given the grave consequences of entries of default judgment, the Court's express wish that we stipulate to vacating these judgments, and our charge to be zealous advocates on behalf of our clients, it is our duty to request such stipulation whenever possible. Granting GEICO's request for an extension would deprive our clients of the Court's preferred resolution of this issue: to swiftly deal with he default judgments without court action.
[7]  We also did not ask the maximum number of Interrogatories permissible for each one of those thirteen sets. In fact, we asked no more than (50) questions per set. Some of these combined sets of Interrogatories were served on behalf of *three* clients, and we could have served (75) questions in those instances but did not.

specific allegations.  Such specificity is necessary in order for our clients to be assured they have received the information necessary to mount a defense against GEICO's broad allegations of common law fraud, a highly fact-sensitive and individualized cause of action. None of the document production requests were "mixed up"[8]  and proceed in roughly the same order as the other document production requests.  We are happy to work with GEICO to resolve any concerns regarding document production.

      In light of the foregoing, we request that the Court stay Plaintiffs' request until Attorney Sirignano has conferred with us to discuss and resolve the issues addressed in his letter to the Court.  Defendants[9] and their undersigned counsel sincerely appreciate the Court's consideration.

                              Respectfully Submitted,

                              /s/_____
                              Gary Tsirelman, Esq.

                              GARY TSIRELMAN, P.C.
                              Attorneys for Defendants[10]

Cc: To all Counsel via ECF.

---

[8]  See Dkt. No. 123 at 1-2.
[9]  See supra note 1 (listing the names of our client Defendants).
[10]  See id.