

WWW.RIVKINRADLER.COM

**MICHAEL A. SIRIGNANO**
PARTNER
(516) 357-3073
michael.sirignano@rivkin.com

February 24, 2012

**By ECF**
Honorable Judge Frederick Block
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Government Employees Ins. Co., et al. v. Nelly Razzakova, L.Ac., et al.
 Docket No. CV 11-03247

Dear Judge Block:

This firm represents Plaintiffs (collectively "GEICO") and we write in response to the February 17, 2012 and February 22, 2012 letters from Defendants' counsels. For the reasons stated herein and in Plaintiffs' previous letters to the Court, any motion to dismiss by the Defendants is meritless.

(1)  Defendants' Request For A Pre-Motion Conference Regarding Arbitration

Attorney Tsirelman points to Judge John Gleeson's recent decision in Allstate Ins. Co. v. Lyons, et al., Docket No. CV 11-2190, in which Judge Gleeson denied an alleged no-fault insurance fraud ring's motion to dismiss on virtually all grounds, including denying dismissal of Allstate's RICO and fraud claims. Judge Gleeson further denied the defendants' motion to compel arbitration as to paid claims, but granted the motion to compel arbitration solely as to the limited class of unpaid claims.

Rather than discuss the basis for the proposed motion in this case, Attorney Tsirelman tries to demonstrate why Judge Gleeson was wrong. Defendants here obviously ignore the present case since (i) Judge Gleeson's decision in Lyons determined that defendants – such as the Defendants herein – may not compel arbitration of an insurer's affirmative action to recover monies that it already has paid to the defendants and (ii) in the present case, to the extent that Defendants have any unpaid claims, they have waived any right to arbitrate those claims because they have already commenced collections litigation on those claims in civil court (a waiver issue that Judge Gleeson did not address in the Lyons case).

Here, GEICO seeks to recover approximately $8,519,292.00 that it previously paid to Defendants in reliance on their fraudulent conduct. Moreover, with respect to the limited class of unpaid claims as to which Judge Gleeson granted the Lyons defendants' motion to compel arbitration, what Defendants egregiously fail to tell this Court is that, of the $9,882,972.00 in pending claims subject to GEICO's declaratory judgment action, Defendants have commenced litigation in civil court on approximately $9,853,662.00. Defendants plainly have waived arbitration on the only set of bills that Judge Gleeson's

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



Honorable Judge Frederick Block
February 24, 2012
Page 2

decision found could possibly be arbitrable. See, e.g., Roggio v. Nationwide Mut. Ins. Co., 66 N.Y.2d 260, 264 (1985); Digitronics Inventioneering Corp. v. Jameson, 52 A.D.3d 1099, 1100 (A.D. 3d Dep't 2008); Cortez v. Countrywide Ins. Co., 17 A.D.3d 508, 509 (A.D. 2d Dept. 2005); Rockaway Blvd. Medical P.C. v. Progressive Ins., 2003 WL 21283606 (A.D. 2d Dept. 2003).

Defendants' letter to this Court focuses on the last antecedent rule in challenging Judge Gleeson's decision denying the motion to compel arbitration of previously paid claims. Defendants' argument is erroneous, as the rule states that "relative or qualifying words are to be applied to the words or phrases immediately preceding, and are not to be construed as extending to others more remote, unless the intent of the statute clearly indicates otherwise." McKinney's Statutes, §254 (emphasis added). In other words, the last antecedent rule is not, despite Defendants' contention, a mandatory rule of construction and it may "be overcome by other indicia of meaning... ." Barnhart v. Thomas, 540 U.S. 20, 26 (2003); see also Nobelman v. American Sav. Bank, 508 U.S. 324, 330 (1993). Nor, for that matter, do relative or qualifying words always modify the last word before them – rather, they can modify an entire preceding phrase without offending the last antecedent rule.

As the Court may note from its own review of the Lyons decision, Judge Gleeson clearly considered the words and intent of Section 5106 in determining that an insurer's affirmative claims to recover monies it already had paid in reliance on a provider's fraud are not subject to arbitration under Section 5106(b). Judge Gleeson also clearly found that the defendants' interpretation was strained and rendered the word "other" in the statute superfluous. See Lyons, Docket No. 111, pp. 24-25. The use of the word "other" in defining the residual category of disputes suggests that each of the preceding categories of disputes – including "any dispute involving the insurer's liability to pay first party benefits" – must arise under Section 5106(a) in order to be arbitrable.

As to the limited class of unpaid claims found to be arbitrable by Judge Gleeson, GEICO respectfully believes that Judge Gleeson overlooked New York case law which continually finds that a declaratory judgment action is the proper avenue to have these types of issues decided in the interest of judicial economy and to avoid inconsistent results. See GEICO v. Damien, et al., Docket No. CV 10-5409 (SLT); GEICO Ins. Co. v. Williams, 2011 NY Slip Op 30326U at *10 -*11 (Sup. Ct. Nassau Cty. 2011); AIU Ins. Co. v. Deajess Med. Imaging, P.C., 24 Misc. 3d 161, 166 (Sup. Ct. Nassau Cty. 2009); Safeco Ins. Co. of Ind. v. Morel, 2009 NY Slip Op 32187U at *3 -*4 (Sup. Ct. Nassau Cty. 2009). Likewise, in the present case, judicial economy and the risk of inconsistent results militate against arbitration and in favor of GEICO's single, efficient declaratory action.  Nevertheless, as mentioned above, the decision is essentially irrelevant in the present case, as Defendants have already commenced litigation against GEICO on virtually all of their unpaid claims.



Honorable Judge Frederick Block
February 24, 2012
Page 3

(2)  Defendants' Request For A Pre-Motion Conference Regarding F.R.C.P. 12(b)(6)

To the extent that certain Defendants seek to make a motion to dismiss for failure to state a claim, they completely ignore those aspects of Judge Gleeson's recent decision in Lyons denying the defendants' motions to dismiss RICO, fraud, and other claims against the alleged no-fault insurance fraud ring. They also again ignore the overwhelming precedent in the Eastern District repeatedly denying motions to dismiss based on purported failures to state RICO or fraud claims in similar contexts. See e.g. State Farm v. Eastern Medical, P.C., Docket No. 05-CV-3804 (ENV) (E.D.N.Y. 2010)(denying motions to dismiss RICO, fraud and declaratory judgment claims alleging unnecessary acupuncture treatments and fraudulent licensure); Allstate v. Ahmed Halima, 2009 US Dist. Lexis 22443 (DLI) (E.D.N.Y. 2009)(denying motions to dismiss RICO, fraud, and unjust enrichment claims alleging unnecessary diagnostic testing with Dr. Halima being used as a "figurehead" owner); State Farm v. Grafman, 655 F. Supp. 2d 212 (NG) (E.D.N.Y. 2009); State Farm v. CPT Med. Servs., P.C., et al., 2008 U.S. Dist. LEXIS 71156 (ILG) (E.D.N.Y. 2008).

GEICO's Complaint, as discussed in prior letters, contains detailed allegations of the Defendants' fraudulent scheme and each of the Defendants' roles in the fraudulent scheme. (See Docket Nos. 49, 52, 53 and 114.) The Complaint alleges, *inter alia*, that Defendants have stolen more than $8.5 million through a massive fraudulent scheme involving laypeople who secretly and unlawfully own and control the acupuncture PCs. The Complaint pleads in detail how the PCs and nominal owners are controlled through purported "billing" arrangements which are used as a tool to permit the laypeople (i) to control the day-to-day operations, exercise supervisory authority over, and illegally own each PC Defendant; and (ii) to siphon away all of the profits of the PCs. In fact, GEICO recently learned that many of the purportedly separate and legitimate acupuncture PCs in this case have been making regular and substantial payments to the same illegal escort services/brothels in Brooklyn, New York recently indicted by the Kings County DA – specifically, High Class NY and Cupid Direct. In addition, the PCs have been regularly funneling thousands of dollars to, among other suspect entities, a series of Florida companies with ties to the Management Defendants in this case, even though the PCs supposedly are independent, unconnected local acupuncture practices with no links to one another. (See Docket No. 122, and exhibits thereto.)

For the reasons set forth herein, given the meritless arguments and volume of authority rejecting such arguments in this District, Defendants' requests are meritless and should be denied.

          Respectfully submitted,
          RIVKIN RADLER LLP
          /s/
          Michael A. Sirignano (MS 5263)

MAS/lg
cc:  All counsel via ECF

2586945 v1